# EXECUTION

## TO ANY PROPER OFFICER:

Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the above-named Judgment Debtor before the above-named court for the amount of damages and costs above, as appears on record, whereof execution remained to be done. These thereby Authority Of The United States To Command You:

_____IF JUDGMENT DEBTOR IS A NATURAL PERSON:

Within seven days from your receipt of this execution, make demand upon the main office of any banking institution having its main office within your county, or is such main office is not within your county and such banking institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the banking commissioner, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the bank institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes.

_____IF DEBTOR IS OTHER

Make demand upon the main office of any banking institution having its main office within your county, or if such main office is not within your county and such bank institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the banking institution in accordance with regulations adopted by the banking commissioner, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment, from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution office upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

DATED AT *Bridgeport*, CONNECTICUT THIS 26th DAY OF *June, 2006*.

KEVIN F. ROWE, CLERK

BY _____
DEPUTY CLERK

True Copy
ATTEST:
KEVIN F. ROWE
Clerk U.S. District Court
By _____
Deputy Clerk

# EXEMPTION CLAIM FORM
# BANK EXECUTION

JD-CV-24a Rev. 4-97
C.G.S. 31-58(j), 52-321a, 52-350a, 52-352b, 52-361a,
52-367b, 29 U.S.C. 206(a)(1)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



NAME AND ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY *(To be completed by plaintiff)*

TO: Action Funding, Inc.
c/o Dean G. Weber
6 March Lane
Westbury, NY 11590

| SECTION I *(To be completed by plaintiff)* | |
|---|---|
| NAME OF JUDGMENT DEBTOR<br>Action Funding Inc. and Dean G. Weber | NAME AND ADDRESS OF COURT (No., Street, Town and Zip Code)<br>U.S. Dist. Court Dist. of CT 915 Lafayette Blvd. Bpt 06604<br>DOCKET NO. |

| SECTION II *(To be completed by banking institution - see instructions on page 2)* | |
|---|---|
| NAME AND ADDRESS OF BANKING INSTITUTION TO WHICH EXEMPTION CLAIM *(IF ANY)* IS TO BE RETURNED | DATE OF MAILING TO JUDGMENT DEBTOR |
| DESCRIPTION OF ACCOUNT(S) AND AMOUNT(S) REMOVED PURSUANT TO EXECUTION | |

## SECTION III — NOTICE TO JUDGMENT DEBTOR

As a result of a judgment entered against you, the attached execution has been issued against funds deposited by you in the banking institution named above. In compliance with this execution, the banking institution has removed from the account(s) enumerated above the amount of money indicated above.

**THE MONEY IN YOUR ACCOUNT(S) MAY BE EXEMPT FROM EXECUTION** - The money in your account(s) may be protected from execution by state statutes or by other laws or regulations of this state or of the United States. A checklist and a description of the exemptions established by law are set forth on the page 2.

**HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW** - If you wish to claim that the money in your account(s) is exempt by law from execution, you must fill out and sign before a proper official the Affidavit of Claim of Exemption below and mail or deliver this exemption claim form to the banking institution at the above address. This form must be received by the banking institution no later than 15 days from the DATE OF MAILING TO THE JUDGMENT DEBTOR indicated above.

Upon receipt of this form the bank will forward it to the Superior Court and the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

## SECTION IV — AFFIDAVIT OF CLAIM OF EXEMPTION ESTABLISHED BY LAW

I, the judgment debtor named above, hereby claim and certify under the penalty of false statement that the money in the above account(s) is exempt by law from execution as follows:

| ACCOUNT NUMBER | DESCRIBE CLAIMED EXEMPTION ESTABLISHED BY LAW |
|---|---|
| AMOUNT CLAIMED TO BE EXEMPT | |

| ACCOUNT NUMBER | DESCRIBE CLAIMED EXEMPTION ESTABLISHED BY LAW |
|---|---|
| AMOUNT CLAIMED TO BE EXEMPT | |

☐ Additional sheet(s) attached hereto and made a part hereof *(if necessary)*.

| SIGNED *(Individual attorney or pro se party)*<br>X | DATE SIGNED | STATE OF CONNECTICUT, COUNTY OF<br>} SS |
|---|---|---|
| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | | SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 19___ |
| TELEPHONE NO. | | SIGNED *(Notary Public, Commissioner of Superior Court)*<br>X |

Page 1 of 2

## CHECKLIST AND DESCRIPTION OF EXEMPTIONS ESTABLISHED BY LAW

1. Public Assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program. (C.G.S. 52-352b(d))
2. Health and disability insurance payments. (C.G.S. 52-352b(e))
3. Worker's Compensation, social security, veterans and unemployment benefits. (C.G.S. 52-352b(g))
4. Court approved payments for child support. (C.G.S. 52-352b(h))
5. Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in C.G.S. 52-321a. (C.G.S. 52-352b(m))
6. Alimony and support, other than child support, but only to the extent that wages are exempt from execution under section 52-361a*. (C.G.S. 52-352b(n))
7. An award under a crime reparations act. (C.G.S. 52-352b(o))
8. All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and all monies due the debtor from any insurance company upon any insurance policy issued on exempt property, to the same extent that the property was exempt. (C.G.S. 52-352b(p), (q))
9. Any interest of the judgment debtor in any property not to exceed in value one thousand dollars. (C.G.S. § 52-352b(r))
10. Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to sections 36a-655 to 36a-665, inclusive, of the general statutes for the benefit of creditors of the judgment debtor. (C.G.S. 52-352b(u))
11. There may be other laws or regulations of this state or of the United States which set forth additional exemptions.

*The following is that part of C.G.S. 52-361a which denotes what portion of wages is exempt from execution:

The maximum part of the aggregate weekly earnings of an individual which may be subject to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five per cent of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed forty times the higher of (A) the minimum hourly wage prescribed by Section 6(a)(1) of the Fair Labor Standards Act of 1938, U.S.C. tit. 29, Section 206(a)(1), or (B), the full minimum fair wage established by subsection (j) of Section 31-58, in effect at the time the earnings are payable.

C.G.S. 52-350a(4) defines "disposable earnings" as that part of the earnings of an individual remaining after the deduction from those earnings of amounts required to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums, federal tax levies, and state income tax deductions authorized pursuant to C.G.S. 12-34b.

## INSTRUCTIONS

### TO BANKING INSTITUTION

1. Complete section II of this form and send 2 copies of this form and the bank execution form to the judgment debtor pursuant to section 52-367b of the General Statutes.

2. If this claim of exemption is returned completed, fill out section V of this form and mail, within two business days, to the issuing clerk's office at the address of court indicated on the front side. See additional instructions on the bank execution, form.

### TO CLERK

1. Attach this form to each bank execution issued in a civil or family matter against a judgment debtor that is a natural person.
2. Deliver the execution along with this form to the judgment creditor requesting the execution.
3. If judgment debtor completes and returns this form claiming an exemption, enter the appearance of the judgment debtor with address set forth on page 1.
4. Set matter down for short calendar hearing.
5. Complete section VI below.
6. Send file-stamped copy of this form to judgment debtor and judgment creditor.
7. After hearing, send copy of any order entered to the banking institution.

### SECTION V (To be completed by banking institution upon return of exemption claim form)

| DATE CLAIM RECEIVED | DATE MAILED TO COURT | NAME OF BANK OFFICER | TELEPHONE NO. |
|---|---|---|---|
|  |  |  |  |

### SECTION VI — NOTICE TO JUDGMENT DEBTOR AND JUDGMENT CREDITOR

The assets in dispute are being held for (1) forty-five days from the date the exemption claim form was received by the banking institution designated on the front of this form or (2) until disposition is ordered by the court at a hearing to be held at short calendar on the date set forth below, whichever occurs earlier.

| DATE OF HEARING | TIME OF HEARING | | SIGNED (Assistant Clerk) | DATE SIGNED |
|---|---|---|---|---|
|  |  | ☐ A.M. ☐ P.M. |  |  |

### ORDER AFTER HEARING

The Court/Magistrate, having held a hearing to determine the issues raised by this claim, hereby orders that:

SIGNED (Judge/Magistrate)

DATE SIGNED

JD-CV-24a (page 2) Rev. 4-97

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEXANDER LEVIN, M.D.
        Plaintiff,

v.

ACTION FUNDING, INC. AND
DEAN G. WEBER
        Defendants.

3:06MC161 (JCH)

June 8, 2002

## EX PARTE APPLICATION FOR AND WRIT OF EXECUTION

## BANKING INSTITUTION

To the United States District Court for the District of Connecticut at Bridgeport, Connecticut, in connection with a judgment therein on May 16, 2002, rendered by the United States District Court for the Eastern District of New York, CV 01-1028 (JM), having been registered with this Court

Name and Address
of Banking Institution:    Connecticut Community Bank, N.A.
                              1495 Post Road East
                              Westport, CT 06880

Judgment Creditor:       Alexander Levin, M.D.

Judgment Debtor:        Action Funding Inc. and Dean G. Weber

| | | |
|---|---|---|
| 1. | Amount of judgment: | $500,000.00 |
| 2. | Costs: | $250.00 |
| 3. | Interest: | $451,249.62 |
| 4. | Total Judgment and costs: | $951,249.62 |
| 5. | Total paid on account: | $0.00 |
| 6. | Total unpaid judgment: | $951,249.62 |

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

Alexander Levin

BY *Kelli Baranowsky*     Date: 6/8/06
Kellianne Baranowsky (ct26684)
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234